CONTINENTAL EQUITIES, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Continental Equities, Inc. v. Commissioner
Docket Nos. 7224-70, 6451-73.
United States Tax Court
T.C. Memo 1974-189; 1974 Tax Ct. Memo LEXIS 129; 33 T.C.M. (CCH) 812; T.C.M. (RIA) 74189; July 25, 1974, Filed. Robert A. Shupack and Eugene M. Short, Jr., for the petitioner. Joel Gerber, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined the following deficiencies in petitioner's Federal income tax: Taxable year ended August 31 [1]
Deficiency 1966
$29,971.38
1967
15,599.23
1968
36,727.89
1969
45,248.04
1970
49,808.44
Petitioner is a Florida corporation whose principal place of business was in Coral Gables, Florida, at the time of filing its petition herein. Petitioner filed its Federal income tax return for 1966 with the district director of internal revenue, Jacksonville, Florida, and its returns for 1967 through 1970 with the Director of the Southeast Service Center, Internal Revenue Service, Chamblee, Georgia. All of the facts herein have been stipulated. Petitioner concededly had net operating *131 losses for its taxable years 1964 and 1965. The question before us is whether those losses, as respondent contends, should be held to be fully absorbed by petitioners' net long-term capital gain for the taxable year 1966, a year in which the alternative tax under section 1201 applies, [2] or whether, as petitioner contends, it is entitled to carry forward such losses to subsequent eligible years before us [3] in which the regular tax under section 11 applies. The parties agree that petitioner should prevail unless we decide to depart from our holding in , affirmed per curiam, (C.A. 1, 1970). Respondent urges us to reconsider the correctness of our holding *132 in Chartier. This Court and others have considered and followed that holding on numerous occasions in the recent past. [4] Respondent's brief herein simply reiterates arguments, albeit with some refinement, which were fully considered and rejected either in Chartier or its progeny. We remain convinced of the soundness of Chartier and follow it in this case. [5]
*133 In order to reflect the concessions of the parties in regard to other issues, Decisions will be entered under Rule 155. Footnotes
1. Petitioner's taxable years ending August 31 will hereinafter be denoted by the calendar years in which they end. ↩
2. Statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
3. The last year before us in which the 1964 net operating loss can be used is the taxable year 1969 and the last year in which the 1965 net operating loss can be used is the taxable year 1970. See section 172(b) (1) (B).No claim that such losses should be carried back under section 172(b) (1) (A) (i) is involved herein. ↩
4. Olympic Foundry Co. v. United States, an unreported case ( U.S.T.C. par. 9299), affirmed per curiam, (C.A. 9, 1974); Naegele v. United States, [*] F. Supp. [*] ( U.S.T.C. par. 9696); , on appeal (C.A. 6, Feb. 8, 1974); , on appeal (C.A. 4, Nov. 5, 1973). ↩
5. We note that in each of the years 1966 through 1969, petitioner's deductions were in excess of its ordinary income but less than the sum of its ordinary income and net long-term capital gain. We have not been asked to decide whether, under such circumstances, petitioner has a net operating loss for any of those years - an issue which we expressly leave unanswered as we did in , on appeal (C.A. 3, April 23, 1974). ↩